

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,363

### EX PARTE MICHAEL WAYNE BOHANNAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM TARRANT COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion. KEASLER, J., filed a concurring opinion in which PRICE, HERVEY, and COCHRAN, JJ., joined.

### O P I N I O N

In 1983, applicant was convicted of aggravated rape and sentenced to twenty-five years' imprisonment. He did not appeal his conviction. In this application for writ of habeas corpus, applicant contends that he was denied a timely preliminary hearing to determine whether there is probable cause to believe he violated a condition of his parole. We filed and set this writ application for submission in order to determine:

> 1) whether applicant's claim is justiciable under the "capable of repetition, yet evading review" doctrine, *Weinstein v. Bradford*, 423 U.S. 147, 149, 46 L.Ed.2d 350, 96 S.Ct. 347 (1975), given that the Parole Division of the Texas Department of Criminal Justice (TDCJ) is the same institutional party in preliminary hearing cases;

and

2) whether Tex. Gov't Code § 508.2811 or *Morrissey [v. Brewer*, 408 U.S. 471, 475 (1972)] requires the Parole Division to hold a preliminary hearing when a releasee is being confined on pending criminal charges.

The parties, as well as the Office of General Counsel of TDCJ, have filed briefs that address these issues.[1]

The parties agree, and the writ record reflects, that in 1983, applicant was convicted of aggravated rape and was sentenced to twenty-five years' confinement. There is also agreement and record confirmation of the following relevant facts:

On January 22, 2009, applicant was found to be a sexually violent predator and was civilly committed for outpatient treatment and supervision.

On January 26, 2009, applicant was released to mandatory supervision.

On March 31, 2009, based on monitoring violations in February and March of 2009, a Tarrant County district judge issued a warrant for applicant's arrest for violating the terms of his civil commitment. Applicant was arrested pursuant to that warrant on March 31, 2009.

On April 1, 2009, TDCJ issued a parole violator warrant, which was executed the same day.

On April 27, 2009, a grand jury indicted applicant for violating the terms of his civil commitment, a third-degree felony.[2]

On January 14, 2010, applicant received a preliminary hearing, which was not conducted earlier because of TDCJ's policy of not holding a preliminary hearing while new criminal charges are pending.

Although applicant has received a preliminary hearing, he argues that this case is not moot because "the issues involved herein are clearly capable of repetition yet evading review due to the

---

[1] We have received numerous documents from applicant himself, but applicant is represented by counsel and is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991). Because applicant is represented by counsel, we disregard his numerous *pro se* submissions and take no action on them.

[2] TEXAS HEALTH AND SAFETY CODE §§ 841.082, 841.085.

fact that when a writ of habeas corpus is filed seeking to insure the constitutional right to a preliminary hearing, [TDCJ] now convenes a late preliminary hearing." (Applicant's Brief in Support of Application, p. 1.) Applicant asserts that the failure to provide a prompt preliminary hearing in parole-revocation cases is a continuing problem that creates a harm capable of repetition, yet evading review, because the parole board persists in failing to provide the constitutionally and statutorily mandated preliminary hearing within a reasonable time. He argues that this continuing violation "places this case squarely within the line of cases dealing with elections and the need to show only that the harm occurred" in order to show that "the harm is capable of and continues to recur yet evad[es] review."

Applicant also asserts that the failure to hold a preliminary hearing is a due-process violation under *Morrissey* and *Ex parte Cordova*, 235 S.W.3d 735 (Tex. Crim. App. 2007), and that by the passage of TEX. GOV'T CODE § 508.2811, the Texas Legislature has encoded the requirements of *Morrissey* for a prompt preliminary hearing. He contends that the statute reflects the legislature's understanding that a preliminary hearing is required by both *Morrissey* and *Cordova* and argues that the *Morrissey* hearing provides the parolee with an early opportunity to make his showing of a lack of probable cause for his arrest or to make an adequate showing that the new offense predated his parole. The parolee could also establish that additional facts refute any probable-cause finding.

The state argues that, because courts are unwilling to assume that defendants will commit new crimes or violate the terms of their mandatory supervision, there is no reasonable expectation that applicant will again be entitled to a preliminary hearing, and thus his claim that he was denied a timely preliminary hearing is not justiciable under the "capable of repetition, yet evading review" doctrine.

The state acknowledges that, pursuant to TEX. GOV'T CODE § 508.2811, "A clear reading of the statute confirms that a releasee is entitled to a timely preliminary hearing until he is adjudicated guilty or pleads guilty." (Respondent's Brief, p. 16.) It further notes that "[t]herefore, it would appear that TDCJ's policy does violate that statute." *Id*. Nevertheless, it insists that this is "merely" a statutory violation that does not justify relief. It argues that a writ of habeas corpus is available for relief only from jurisdictional defects and violations of constitutional or fundamental rights. It also argues that *Morrissey*'s requirements for a preliminary hearing do not apply because none of the reasons that form the basis for providing such a hearing in *Morrissey* are present in this case.

In its *amicus* brief, TDCJ agrees that applicant's claim is justiciable under the "capable of repetition, yet evading review" exception to the mootness doctrine. TDCJ states that it "maintains a continuing belief that it is acting with legal authority when denying preliminary hearings for releasees with pending charges" and cites TEX. GOV'T CODE § 311.023,[3] a statute that, by its plain language, applies only to courts.

TDCJ echoes the state's assertion that *Morrissey*'s requirements have been satisfied through the judicial process. TDCJ also seems to suggest that § 508.2811(2)(B)'s language, which excludes from the requirement of a timely preliminary hearing a releasee who has been adjudicated guilty or has plead *nolo contendere* to an offense committed after release, should be read to mean that no

---

[3] In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:
  (1) object sought to be attained;
  (2) circumstances under which the statute was enacted;
  (3) legislative history;
  (4) common law or former statutory provisions, including laws on the same or similar subjects;
  (5) consequences of a particular construction;
  (6) administrative construction of the statute; and
  (7) title (caption), preamble, and emergency provision.
Acts 1985, 69th Leg., ch. 479, § 1, eff. Sept. 1, 1985.

releasee is entitled to such a timely hearing. TDCJ contends that "if the releasee had previously had a preliminary hearing while the charge was pending and was only awaiting a revocation hearing upon the adjudication of the charge, there would have been no reason for the statute to specify that the releasee was not entitled to a preliminary hearing after the adjudication of the criminal law violation because he would have already received one."[4]

TDCJ also asserts that the state "has numerous policy reasons for not allowing these hearings prior to an adjudication or plea on the pending criminal charges[.]" It discusses several of these policy reasons, including that "the preliminary hearing could jeopardize the district attorney's prosecution of the case." It also suggests that the state "does not want to put the victim through the trauma of being confronted by the releasee and testifying multiple times[, since p]otentially, these victims could be called to testify before the grand jury, at a preliminary hearing, at the trial, and at a revocation or mitigation hearing after adjudication of the charges." It also suggests that conducting a preliminary hearing and putting witnesses "through the inconvenience of testifying at multiple proceedings" is not a wise use of state resources.

To begin our review, we examine whether applicant's claim is justiciable under the "capable of repetition, yet evading review" doctrine of *Weinstein v. Bradford*, 423 U.S. 147, 149, 46 L.Ed.2d 350, 96 S.Ct. 347 (1975), given that TDCJ's Parole Division is the same institutional party in all preliminary hearing cases. *Weinstein* involved a suit against members of the North Carolina Board of Parole. The suit claimed that the parole-board members were obligated under the Fourteenth

---

[4] This is circular logic and ignores the obvious reason for the exclusion: some releasees are arrested, indicted, and sentenced before a revocation warrant issues. Regardless of TDCJ's preferred interpretation, the plain language of Section 508.2811 states, "A parole panel or a designee of the board shall provide within a reasonable time to an inmate or person described by Section 508.281(a) a preliminary hearing to determine whether probable cause or reasonable grounds exist to believe that the inmate or person has committed an act that would constitute a violation of a condition of release," unless the inmate or person meets a designated exception.

Amendment to accord certain procedural rights in considering parole eligibility. *Weinstein*, 423 U.S. at 147. It was undisputed that, during the ongoing litigation, Bradford, the respondent in *Weinstein*, was granted temporary parole and, subsequently, complete release from supervision, thus "respondent, who challenged the 'governmental action or policy' in question, no longer has any present interest affected by that policy." *Id*. at 148.

The Supreme Court acknowledged the "capable of repetition, but evading review" branch of the law of mootness, but noted that, in the absence of a class action,[5] that doctrine "was limited to the situation where two elements combine: 1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and 2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. at 148-49.[6] Ultimately, the Supreme Court concluded that the case, not being a class action, did not clearly satisfy the second element because there was no demonstrated probability that respondent would again be subjected to the parole procedure. *Weinstein*, 423 U.S. at 149. Accordingly, it determined that the case was moot, and it remanded with instructions to dismiss the complaint. *Id*.

In *Ex parte Nelson*, 815 S.W.2d 737 (Tex. Crim. App. 1991), we set out the "capable of repetition, yet evading review" exception to the mootness doctrine, as applied to a parolee's habeas corpus claim regarding sufficiency of the basis for detention pending a decision of whether to revoke parole. We refused to assume that an inmate would again violate parole conditions and held that he,

---

[5] "Although respondent sought certification of the action as a class action, the District Court refused to so certify it and dismissed the complaint." *Id.* at 147.

[6] "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), *quoting Weinstein*, *supra*.

like the respondent in *Weinstein*, failed to meet the second prong of the test–there was no reasonable expectation that the same complaining party would be again subjected to the same action. *Id*. at 739. Likewise, in the instant cause, we cannot assume that applicant will again be held in custody facing the prospect of a preliminary hearing to determine whether there is probable cause to believe he violated a condition of his parole. And, as noted above, applicant has already received such a preliminary hearing on the instant alleged violation.

We hold that applicant's claim is not justiciable under the "capable of repetition, yet evading review" doctrine of *Weinstein*, *supra*, and we therefore dismiss this application for habeas corpus. Because the cause is moot, we do not address applicant's due-process claim, and that claim is also dismissed.

While we must dismiss the due-process claim because it is not justiciable pursuant to habeas corpus, we note that *Morrissey* and *Cordova* are still the law, and we remind TDCJ that it must conduct preliminary hearings, as required by TEX. GOV'T CODE § 508.2811, within a time frame that meets the demands of due process, as set out in *Morrissey* and *Cordova*, so that releasees will not be required to seek this Court's intervention to enforce these rights.


Delivered: May 11, 2011
Publish