

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00331-CR

JEFFERSON JACKSON JARVIS, III                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## OPINION

----------

Appellant Jefferson Jackson Jarvis, III appeals his sixty-year sentence imposed after he pleaded guilty to aggravated sexual assault of a child, enhanced by a prior felony. In two issues, he contends that he is entitled to a new punishment hearing because the trial court sentenced him without specifically asking if he had any legal reason why sentence should not be pronounced. We affirm.

Appellant waived a jury and entered an open plea of guilty to sexually assaulting C.C., his brother's twelve-year-old step-daughter. At the punishment

hearing, the State called C.C., who testified in detail about the offense, a friend of C.C.'s, who described C.C.'s outcry on the day after, and the sexual assault nurse examiner, who testified that she collected samples of biological material from C.C. that was submitted for DNA analysis and that she found trauma to the child's sexual organ consistent with penetration. In addition, the parties stipulated that DNA testing had confirmed that Appellant's DNA was found in C.C.'s vagina, in her navel, and on her panties.

The defense called members of Appellant's family, who testified that they did not believe that he had committed the offense and that C.C. was untruthful. Appellant also testified for the limited purpose of establishing that he had chosen to waive a jury trial and enter an open plea before the trial court, and that he had also chosen not to testify in his own defense. He then called his brother, who testified that Appellant was staying with him after he got out of prison, that their grandfather died just before the offense, and that because Appellant had been having trouble sleeping, he had given Appellant some pills.

Appellant's attorney argued that the offense was an isolated "crime of opportunity," and that the trial court should consider Appellant's grandfather's recent passing and Appellant's emotional state in mitigation.

After the State's closing argument, the record shows the following:

> THE COURT: Okay. All right. It's going to be the Court's decision that your punishment is assessed at 60 years confinement in the Institutional Division of the Department of Criminal Justice.
>
> Can y'all fix me a judgment and sentence --
>
> MS. WARDER [for the State]: Yes, sir.
>
> THE COURT: -- so we can go ahead and do the --
>
> MR. HENDRICK [for Appellant]: I'm sorry, Judge. Was that 6-0, 60?
>
> THE COURT: Yes, sir.
>
> MR. HENDRICK: Okay. That's fine. My -- I just want to be sure.

The trial court then sentenced Appellant and explained his right to appeal. Appellant's attorney informed the court that Appellant wished to appeal and suggested that the court appoint a new lawyer for that purpose. After the trial court instructed counsel to prepare a notice of appeal, the record shows the following:

> THE COURT: Anything else?
>
> MR. HENDRICK: Do we have that certificate of appeal form that the --
>
> THE COURT: I signed it when he pled guilty Thursday.
>
> MR. HENDRICK: Oh, okay.
>
> THE COURT: There you are.
>
> MR. HENDRICK: All right.

3

THE COURT: He didn't sign it but I did and you did, so -- and he probably needs to sign my copy that goes --

MR. HENDRICK: Oh. That's all right. I've already signed it. Well, that's all right.

THE COURT: He hasn't.

MR. HENDRICK: He hasn't. We'll get him to sign it.

(Pause in proceedings.)

THE COURT: All right. Anything further then?

MR. HENDRICK: Nothing further, Judge.

THE COURT: We're in recess.

Appellant contends that because the trial court did not ask him if he had anything to say before imposing sentence, the trial court violated Appellant's common-law right to allocution prior to sentencing as well as the provisions of code of criminal procedure article 42.07. Appellant failed, however, to bring either of these issues before the trial court by a proper objection or motion; therefore, he has failed to preserve them for our review.[1] Tex. R. App. P. 33.1(a)(1); *see Tenon v. State*, 563 S.W.2d 622, 623–24 (Tex. Crim. App. 1978) (holding that nothing was preserved for review when appellant failed to object to the trial court's failure to follow article 42.07); *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (holding that the appellant's failure to raise his

---

[1]Appellant filed a motion for new trial and a motion in arrest of judgment, claiming that the sentence was contrary to the law and evidence. The trial court granted a hearing, during which Appellant failed to raise the issue he now argues, and the trial court denied both motions.

contention that the trial court violated his "common-law right of allocution" before the trial court preserved nothing for review).

Although Appellant acknowledges the holdings in *Tenon* and *McClintick*, he seems to argue that his procedural default should be overlooked because the trial court denied him his right to make "a final plea for mercy and mitigation." As the State points out, however, Appellant was given the opportunity to testify at punishment and testified that he chose not to take the stand in his own defense or in mitigation of punishment. Further, he presented witnesses who testified to facts that they believed should have mitigated the punishment the trial court assessed. Finally, Appellant's attorney argued in detail why he believed that the circumstances surrounding the offense warranted mitigation and mercy.

We decline Appellant's invitation to suspend the rules of error preservation or otherwise ignore his failure to observe them. Accordingly, we overrule both of Appellant's issues and affirm the judgment of the trial court.


LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DAUPHINOT, J., filed a concurring and dissenting opinion.

PUBLISH

DELIVERED: October 20, 2011

5



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00331-CR

JEFFERSON JACKSON JARVIS, III                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## DISSENTING AND CONCURRING OPINION

----------

The conscientious majority is absolutely correct. A trial court has a duty to give a defendant the opportunity for allocution under article 42.07 of the code of criminal procedure.[1] As I have stated previously,

> This portion of a criminal trial is often referred to as the allocution portion of the trial. Allocution is the common law right of a defendant in a criminal trial, including a trial for criminal contempt, to "present his personal plea to the Court in mitigation of punishment before sentence is imposed." Although article 42.07 of the code of

---

[1]Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

criminal procedure prohibits imposition of sentence only on the grounds of prior pardon, incompetence to stand trial, or mistaken identity, it still grants a defendant the opportunity to speak and to lodge any objection to the sentence before it is pronounced. In interpreting article 42.07 as permitting a defendant's common law right of allocution, we should look to the Texas Court of Criminal Appeals's instruction regarding the effect of a statute on common law rights:

> It is well-established that, ordinarily, a statute must be interpreted according to its plain meaning, no more and no less. And, it is equally well-established that a statute must not be interpreted as abrogating a principle of the common law unless such overruling is clearly indicated, either by the express terms of the statute or by necessary implication from the language used. This second canon is based on the reasonable supposition that if the Legislature intended to overrule a principle of the common law, then it would have made its intent clear.

In his concurring opinion in *Breazeale v. State*, Judge Clinton discussed various procedural means available to contest an act or finding in the trial court:

> The trial court having found that each appellant waived his right to trial by jury, a plethora of procedural means was readily available to contest that finding in the forum of the trial court. A motion for new trial that the court "has committed [a] material error calculated to injure the rights of defendant" is a solid ground under Article 40.03 and, if supported by the showing appellant now alleges to be the case, granting a new trial would have placed the cause in the same position as before any trial had been held. A motion in arrest of judgment suggesting that "judgment has not been legally rendered against him" would lie under Article 41.01 and related provisions of Chapter Forty One. More informally, at allocution under 42.07, an accused could make it known that he had not properly waived his right to trial by jury pursuant to Article 1.13. Thereafter, a formal bill of exception to make the record disclose any event or occurrence relevant to the issue of waiver was

available under Article 40.09, § 6(a). Even an objection to the record in accordance with Article 40.09, § 7, would have it "speak the truth" about any alleged failure to follow Article 1.13.

Glaringly absent is any absolute requirement that a defendant object to an empty bench or file a motion for new trial in order to preserve his complaint.[2]

Where I part ways with the majority is in its holding of waiver. The trial court must allow a defendant allocution, and it is odd to require a defendant to object to an empty bench. Nor is there any justification for criminal law to require a defendant to file a motion for new trial in order to preserve his right to allocution.

In the case now before this court, although the trial court did not specifically inquire if there was any reason sentence should not be imposed, I would hold that, under the limited facts presented in this record, the trial court provided the opportunity for allocution required by article 42.07. The trial court announced its intent to sentence Appellant to sixty years' confinement. Trial counsel responded, "Okay. That's fine." After that exchange, the trial court asked if there was "[a]nything else." Counsel then asked about the certificate of appeal form. After discussing the certificate, the trial court asked again, "Anything further then?" Counsel replied, "Nothing further, Judge."

---

[2]*Laboriel-Guity v. State*, 336 S.W.3d 754, 757–59 (Tex. App.—Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring) (citations omitted).

3

The majority appears to suggest that Appellant himself could have spoken up and demanded the right that article 42.07 guarantees. But that argument is not realistic. Despite the Texas Constitution's guarantee that "[i]n all criminal prosecutions the accused shall have . . . the right of being heard *by himself or counsel, or both* . . . ,"[3] courts repeatedly deny the accused this right, holding that a defendant is not entitled to "hybrid representation."[4] The defendant himself can make no objection that will preserve any complaint if that defendant is represented by counsel who either does not realize there is an objectionable issue or does not want to offend the trial court by objecting.

In this case, however, there is no indication that Appellant attempted to inform the trial court personally that he wanted to invoke his right to allocution that article 42.07 guarantees. I would hold that, although the trial court's inquiries were not precisely those required by article 42.07, and using the language set out by the statute would have been preferable, the trial court's inquiries whether there was anything else the defense wanted addressed provided sufficient compliance with article 42.07.

I would therefore overrule Appellant's two issues, but not on the grounds of waiver. Allocution must come before formal sentencing.[5] Pronouncing sentence

---

[3]Tex. Const. art. I, § 10 (emphasis added).

[4]*See, e.g., Ex parte Bohannan,* No. AP-76363, 2011 WL 1775727, at *1 n.1 (Tex. Crim. App. May 11, 2011) (emphasis added).

[5]*See* Tex. Code Crim. Proc. Ann. art. 42.07.

4

in open court in the defendant's presence ends the trial.[6]  The oral pronouncement controls over the written judgment.[7]  If the trial court gave Appellant no opportunity for allocution before pronouncing sentence, the trial court could not have cured such error by allowing allocution after formal sentencing in response to a trial objection.

If we truly believe that only the legislature can make laws and we truly believe that the constitutional laws that the legislature makes have meaning, I would hold the sentence void when no opportunity for allocution is permitted. Holding the sentence void would mean that no sentencing would have occurred, and on remand, the trial could proceed properly to its completion.  Otherwise, we would be obligated to overrule the legislative mandate that trial courts comply with article 42.07 and either hold that statute meaningless or hold that compliance with the statute is optional.

For these reasons, I concur only in the majority's overruling Appellant's two issues.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  October 20, 2011

---

[6]*See id.* art. 42.01 (West Supp. 2011); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

[7]*Madding*, 70 S.W.3d at 135.

5