LEE ANN DAUPHINOT, Justice,
dissenting and concurring.
The conscientious majority is absolutely correct. A trial court has a duty to give a defendant the opportunity for allocution under article 42.07 of the code of criminal procedure.[2] As I have stated previously,
This portion of a criminal trial is often referred to as the allocution portion of the trial. Allocution is the common law right of a defendant in a criminal trial, including a trial for criminal contempt, to “present his personal plea to the Court in mitigation of punishment before sentence is imposed.” Although article 42.07 of the code of criminal procedure prohibits imposition of sentence only on the grounds of prior pardon, incompetence to stand trial, or mistaken identity, it still grants a defendant the opportunity to speak and to lodge any objection to the sentence before it is pronounced. In interpreting article 42.07 as permitting a defendant’s common law right of allocution, we should look to the Texas Court of Criminal Appeals’s instruction regarding the effect of a statute on common law rights:
It is well-established that, ordinarily, a statute must be interpreted according to its plain meaning, no more and no less. And, it is equally well-established that a statute must not be interpreted as abrogating a principle of the common law unless such overruling is clearly indicated, either by the express terms of the statute or by necessary implication from the language used. This second canon is based on the reasonable supposition that if the Legislature intended to overrule a principle of the common law, then it would have made its intent clear.
In his concurring opinion in Breazeale v. State, Judge Clinton discussed various procedural means available to contest an act or finding in the trial court:
The trial court having found that each appellant waived his right to trial by jury, a plethora of procedural means was readily available to contest that finding in the forum of the trial court. A motion for new trial that the court “has committed [a] material error calculated to injure the rights of defendant” is a solid ground under Article 40.03 and, if supported by the *256 showing appellant now alleges to be the case, granting a new trial would have placed the cause in the same position as before any trial had been held. A motion in arrest of judgment suggesting that “judgment has not been legally rendered against him” would lie under Article 41.01 and related provisions of Chapter Forty One. More informally, at allocution under 42.07, an accused could make it known that he had not properly waived his right to trial by jury pursuant to Article 1.13. Thereafter, a formal bill of exception to make the record disclose any event or occurrence relevant to the issue of waiver was available under Article 40.09, § 6(a). Even an objection to the record in accordance with Article 40.09, § 7, would have it “speak the truth” about any alleged failure to follow Article 1.13.
Glaringly absent is any absolute requirement that a defendant object to an empty bench or file a motion for new trial in order to preserve his complaint.[3]
Where I part ways with the majority is in its holding of waiver. The trial court must allow a defendant allocution, and it is odd to require a defendant to object to an empty bench. Nor is there any justification for criminal law to require a defendant to file a motion for new trial in order to preserve his right to allocution.
In the case now before this court, although the trial court did not specifically inquire if there was any reason sentence should not be imposed, I would hold that, under the limited facts presented in this record, the trial court provided the opportunity for allocution required by article 42.07. The trial court announced its intent to sentence Appellant to sixty years’ confinement. Trial counsel responded, “Okay. That’s fine.” After that exchange, the trial court asked if there was “[ajnything else.” Counsel then asked about the certificate of appeal form. After discussing the certificate, the trial court asked again, “Anything further then?” Counsel replied, “Nothing further, Judge.”
The majority appears to suggest that Appellant himself could have spoken up and demanded the right that article 42.07 guarantees. But that argument is not realistic. Despite the Texas Constitution’s guarantee that “[i]n all criminal prosecutions the accused shall have ... the right of being heard by himself or counsel, or both ...,”[4] courts repeatedly deny the accused this right, holding that a defendant is not entitled to “hybrid representation.”[5] The defendant himself can make no objection that will preserve any complaint if that defendant is represented by counsel who either does not realize there is an objectionable issue or does not want to offend the trial court by objecting.
In this case, however, there is no indication that Appellant attempted to inform the trial court personally that he wanted to invoke his right to allocution that article 42.07 guarantees. I would hold that, although the trial court’s inquiries were not precisely those required by article 42.07, and using the language set out by the statute would have been preferable, the trial court’s inquiries whether there was anything else the defense wanted ad *257 dressed provided sufficient compliance with article 42.07.
I would therefore overrule Appellant’s two issues, but not on the grounds of waiver. Allocution must come before formal sentencing.[6] Pronouncing sentence in open court in the defendant’s presence ends the trial.[7] The oral pronouncement controls over the written judgment.[8] If the trial court gave Appellant no opportunity for allocution before pronouncing sentence, the trial court could not have cured such error by allowing allocution after formal sentencing in response to a trial objection.
If we truly believe that only the legislature can make laws and we truly believe that the constitutional laws that the legislature makes have meaning, I would hold the sentence void when no opportunity for allocution is permitted. Holding the sentence void would mean that no sentencing would have occurred, and on remand, the trial could proceed properly to its completion. Otherwise, we would be obligated to overrule the legislative mandate that trial courts comply with article 42.07 and either hold that statute meaningless or hold that compliance with the statute is optional.
For these reasons, I concur only in the majority’s overruling Appellant’s two issues.

. Tex.Code Crim. Proc. Ann. art. 42.07 (West 2006).

. Laboriel-Guity v. State, 336 S.W.3d 754, 757-59 (Tex.App.-Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring) (citations omitted).

. Tex. Const, art. I, § 10 (emphasis added).

. See, e.g., Ex parte Bohannan, 350 S.W.3d 116, n. 1 (Tex.Crim.App.2011) (emphasis added).

. See Tex.Code Crim. Proc. Ann. art. 42.07.

. See id. art. 42.01 (West Supp. 2011); Ex parte Madding, 70 S.W.3d 131, 135 (Tex.Crim.App.2002).

.Madding, 70 S.W.3d at 135.