# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00647-CV

**In re Carolyn Barnes**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Carolyn Barnes, acting pro se, filed an amended application for writ of habeas corpus in this Court seeking to set aside the district court's order revoking her surety bail bond, order of restoration commitment, and renewal order of civil commitment with criminal charges pending. The district court appointed counsel to represent Barnes and found Barnes incompetent to stand trial. Barnes's appointed counsel has not withdrawn.

"[A]ppointed trial counsel remains as the defendant's counsel for all purposes until he is expressly permitted to withdraw, even if the appointment was for the trial only." *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *see Roberts v. State*, No. 03-97-00706-CR, 1999 Tex. App. LEXIS 1998, at *6-7 (Tex. App.—Austin 1998, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2011) (requiring appointed counsel to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). Because Barnes has appointed counsel, her pro se filings with this Court amount to impermissible hybrid representation.

*See Ex parte Bohannan*, 350 S.W.3d 116, 117 n.1 (Tex. Crim. App. 2011) (noting that court disregarded and took no action on habeas corpus applicant's pro se submissions because he was represented by counsel).

Barnes's amended application for writ of habeas corpus is dismissed.


_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Filed:   January 25, 2012

2