IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,867-02






EX PARTE BENJAMIN FRED CLARK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,284 IN THE 115TH DISTRICT COURT


FROM UPSHUR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
methamphetamine and sentenced to ten years' imprisonment. The Sixth Court of Appeals affirmed
his conviction. Clark v. Texas, No. 06-03-00262-CR (Tex. App.--Texarkana Oct. 13, 2004, pet.
ref'd).

 Applicant contends that he was denied due process because he has been confined for 138
days for allegedly violating a condition of mandatory supervision. We understand Applicant to be
claiming that the Parole Division has not held preliminary and final revocation hearings. Applicant
has alleged facts that, if true, might entitle him to relief. Morrissey v. Brewer, 408 U.S. 471 (1972);
Ex parte Bohannan, 350 S.W.3d 116 (Tex. Crim. App. 2011); Tex. Gov't Code §§ 508.2811,
508.282. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit and state whether Applicant has received preliminary and final revocation
hearings and, if not, why these hearings have not been held. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
due process rights have been violated. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 45 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 26, 2012

Do not publish