**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 12, 2013.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-13-00090-CR**
**NO. 14-13-00091-CR**
**NO. 14-13-00092-CR**

---

## IN RE DOMINIC J. GOOCH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1310890, 1310892 & 1352829**

---

## MEMORANDUM OPINION

Relator Dominic J. Gooch, a *pro se* prisoner confined in the Harris County Jail, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator seeks to compel the trial court to rule on his pre-trial application for writ of habeas corpus.

On January 29, 2013, this court denied relator's previous petition for writ of mandamus because, among other reasons, relator had not provided the court with a copy of his application for writ of habeas corpus. *See In re Gooch,* 2013 WL 329010, Nos. 14-13-00022-CR, 14-13-00023-CR (Tex. App.—Houston [14th Dist.] Jan. 29, 2013, orig. proceeding) (not designated for publication). Relator has now provided this court with copies of the application and a certified mail return receipt card acknowledging its receipt on October 9, 2012. Relator also provided an affidavit in which he stated that he mailed the application to the court on October 5, 2012, he has a record that it was received on October 9, 2012, and he asked his attorney, Steven Greenlee, to present the writ application to the trial court.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To satisfy the ministerial act requirement, relator must show a clear right to the relief sought, meaning that the merit's are beyond dispute and nothing is left to the exercise of discretion or judgment. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). The trial court has a reasonable within which to perform a ministerial duty. *In re Mendoza,* 131 S.W.3d 167, 167 (Tex. App.—San Antonio 2004, orig. proceeding). If a court unnecessarily delays ruling, mandamus may be available to compel a trial court to make a ruling. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Relator has not shown that the trial court has failed to perform a ministerial duty by failing to rule on his pre-trial application for writ of habeas corpus. The

trial court may have refused to rule on relator's *pro se* habeas application because he is represented by appointed counsel. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n. 1 (Tex. Crim. App. 2011) (the court may disregard *pro se* submissions when an applicant is represented by counsel).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).