

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-14-00345-CR
_____

### MARC ALLEN MASON, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 23,957-C; Honorable Ana Estevez, Presiding

November 10, 2015

## ORDER CONCERNING MOTION
## TO OBTAIN JUDICIAL ORDER

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Marc Allen Mason, was convicted by a jury of the state jail felony offense of burglary of a building.[1] Punishment was enhanced by two prior felony convictions, and Appellant was assessed a sentence of seventeen years confinement and a fine of $5,000. On March 10, 2015, Appellant's court-appointed attorney filed a brief on the merits raising two issues: (1) the alleged violation of Appellant's right to a

---

[1] TEX. PENAL CODE ANN. § 30.02 (a)(1) (West 2011).

speedy trial and (2) the failure of the trial court to stay proceedings until the issue of Appellant's competence was resolved. The State filed its reply brief on April 9, 2015, and on September 2, 2015, this court heard oral arguments.

Two weeks prior to oral arguments, Appellant filed a *pro se* brief presenting and arguing two additional issues: (1) an alleged violation of Appellant's Due Process and Equal Protection rights arising from the State's habitual offender allegations and (2) Appellant's alleged "legal disability" arising from an "audio implant" surgically embedded within his right maxillary sinus cavity and larynx by "clandestine" State operatives. The *pro se* brief did not disavow the brief filed on Appellant's behalf by his court-appointed counsel but instead referred to that brief as being separately filed. The *pro se* brief also prayed for relief in accordance with the "reasons presented within [the *pro se* brief] and Appellant's brief filed by [court-appointed counsel]." By this brief, Appellant does not seek self-representation; he seeks hybrid representation. *See Landers v. State*, 550 S.W.2d 272, 278-79 (Tex. Crim. App. 1977) (describing "hybrid representation" as representation in court by means of "both [self-representation] and by counsel acting at the same time or alternating at defendant's pleasure"). By letter dated August 21, 2015, this court notified Appellant that he was not entitled to hybrid representation and that while represented by counsel, his *pro se* filings would not be considered. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

Prior to the issuance of a final decision in this matter, Appellant has now filed his *Objection & Motion to Obtain Judicial Order on Pro Se Filings*. By this filing, he asserts this court "has no right to bar U.S. constitutionally protected rights, or State of Texas Constitution & Statutory Rights" and he prays that this court consider his *pro se* filings.

2

In *Faretta v. California*, 422 U.S. 806, 807, 818, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), the Supreme Court recognized a defendant's right of self-representation at the trial court level whenever a clear and unequivocal assertion of the right to self-representation has been made. While Texas has long recognized that there is no absolute right to hybrid representation, *Landers v. State*, 550 at 278-79, trial courts should still be mindful of a defendant's right of self-representation and may allow hybrid representation when, in their discretion, there is no inherent conflict in the arguments presented by the appellant and those presented by counsel. *Hawthorn v. State*, 848 S.W.2d 101, 124 (Tex. Crim. App. 1992). That being said, the Supreme Court has also recognized that because appellate proceedings are different from trial court proceedings, an appellant does not have a constitutional right to represent himself on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163-64, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000).

In this case, it is apparent that Appellant has not clearly and unequivocally asserted a right to self-representation. Furthermore, given the absence of an absolute right to hybrid representation in an appellate proceeding, Appellant's objection to this court's decision not to consider any *pro se* filings while he is represented by counsel is overruled. *Ex parte Bohannan*, 350 S.W.3d 116 n.1 (Tex. Crim. App. 2011) (noting that *pro se* documents filed while represented by counsel would be disregarded).

It is so ordered.

Per Curiam

Do not publish.

3