

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | No. 08-21-00224-CR |
|---|---|---|
| IN RE | § | Appeal from the |
| HOMER MARSHALL, | § | 384th District Court |
| Relator. | § | of El Paso County, Texas |
| | § | (TC# 20190D05679-384-1, 20200D05326-384-1, and 20200C05793) |

## MEMORANDUM OPINION

Relator, Homer Marshall, appearing *pro se,* has filed a petition for writ of mandamus, stating the trial court has refused to hear and rule on the merits of his habeas corpus. Marshall asserts "the trial court judge has a ministerial duty to hear and rule on the merits of the writ of habeas corpus" and requests this Court issue a mandamus to the trial judge to hear and rule on his writ of habeas corpus. We deny Marshall's petition for lack of jurisdiction.

According to Marshall's mandamus record, a writ of habeas corpus was filed pro se in the trial court on November 12, 2021. He identifies three trial court cause numbers, two of which correspond to publicly available docket sheets showing that he was indicted on felony charges, and that a public defender was appointed by the trial court. His mandamus petition also confirms he was appointed a public defender as his trial counsel. Generally, criminal defendants are not

entitled to hybrid representation and a trial court judge is "free to disregard any pro se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex.Crim.App. 2007). Even if Marshall's habeas corpus was presented to the trial court, the trial court judge had no obligation to consider or rule on it. *See id*. (a trial court's refusal to rule on a pro se motion is not subject to review); *In re Hernandez*, No. 08-21-00189-CR, 2021 WL 5027791, at *1 (Tex.App.--El Paso Oct. 29, 2021, orig. proceeding).

Marshall acknowledges the hybrid representation issue but claims that the Texas Code of Criminal Procedure expressly allows both he and counsel to participate in the defense of a felony charge. *See* TEX.CODE CRIM.PROC.ANN. art. 1.05 ("He shall have the right of being heard by himself, or counsel, or both;"). But the Texas Court of Criminal Appeals has already held that the Texas Constitutional Provision upon which article 1.05 is based, TEX.CONST. art. I, § 10, was not intended to mandate a right to hybrid representation in criminal cases. *Landers v. State*, 550 S.W.2d 272, 277 (Tex.Crim.App. 1977) (op. on reh'g).

Here, likewise, Marshall is not entitled to hybrid representation in this Court, and his pro se petition for writ of mandamus must be disregarded. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex.Crim.App. 2011) (where habeas applicant was represented by counsel, court must disregard and take no action on pro se filings); *In re Hall*, No. 05-21-00641-CV, 2021 WL 4304569 at *2 (Tex.App.--Dallas Sept. 22, 2021, orig. proceeding) (mem. op., not designated for publication); *In re Tarkington*, No. 03-21-00194-CV, 2021 WL 1742243 at *1 (Tex.App. --Austin May 4, 2021)(mem. op., not designated for publication); *In re Roberts*, No. 01-21-00561-CR, No. 01-21-00562-CR, 2021 WL 5056621 at *1 (Tex.App.--Houston [1st Dist.] Nov. 2, 2021, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Accordingly, we deny Marshall's pro se petition for writ of mandamus for lack of jurisdiction.   *See* TEX.R.APP.P. 52.8(a).

JEFF ALLEY, Justice

February 4, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)