**Opinion issued October 10, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-24-00691-CR**

————————————

**EX PARTE JABARI ANTWAN SAMPLE**

---

**Original Proceeding on Petition for Writ of Habeas Corpus**

---

**MEMORANDUM OPINION**

Appellant Jabari Antwan Sample, acting pro se, filed an application for a writ of habeas corpus, stating he has been indicted for the offense of murder.[1] *See* TEX. PENAL CODE § 19.02. Appellant argues he is "being unlawfully held without bail in the Harris County Jail." He asserts that he "has the resources and is willing and

---

[1] The underlying case is *The State of Texas v. Jabari Antwan Sample*, cause number 1800384, pending in the 208th District Court of Harris County, Texas.

able to post bail in the amount . . . sufficiently high to ensure [his] presence before the [trial] court to answer the pending charge." Appellant seeks an evidentiary hearing on his writ application and upon conclusion, an order granting him "bail in the amount of $ not specified." We dismiss Appellant's application for lack of jurisdiction.

An intermediate court of appeals does not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (original habeas jurisdiction of courts of appeals is limited to cases in which a person's liberty is restrained because a person violated an order, judgment, or decree entered in civil case); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Our habeas corpus jurisdiction in criminal matters is appellate only. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Original habeas jurisdiction in criminal proceedings is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05. Thus, to the extent Appellant seeks to have this Court grant his application for a writ of habeas corpus for the first instance in our Court, we lack jurisdiction to do so.

Furthermore, the Harris County District Clerk's website reflects that Appellant is represented by counsel. Appellant is not entitled to hybrid representation and, as such, his pro se application for a writ of habeas corpus presents

2

nothing for this Court to review. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (because habeas applicant was represented by counsel, court must disregard and take no action on pro se filings); *Ex parte Hallcy*, No. 07-16-00471-CR, 2016 WL 7634497, at *1 (Tex. App.— Amarillo Dec. 30, 2016, orig. proceeding) (mem. op., not designated for publication) (finding that appellate court lacks jurisdiction over original habeas application filed pro se where applicant was represented by counsel and dismissing writ application).

We thus dismiss Appellant's application for writ of habeas corpus for lack of jurisdiction. All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).