**Opinion issued December 11, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00955-CR

_____

## IN RE CARNE MWANGI, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Carne Mwangi, acting pro se, has filed a petition for writ of habeas corpus claiming unlawful incarceration in the underlying criminal case.[1] We dismiss the petition for lack of jurisdiction.[2]

---

[1]  The underlying case is *The State of Texas v. Carne Mwangi*, cause number 1927342, pending in the 495th District Court of Harris County, Texas, the Honorable Lori DeAngelo presiding.

[2]  Relator's petition also fails to comply with the original proceeding requirements enumerated in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3 (form and content of petition); TEX. R. APP. P 52.7 (record).

Intermediate appellate courts do not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE § 22.221(d) (original habeas jurisdiction of courts of appeal is limited to cases in which person's liberty is restrained because person violated order, judgment, or decree entered in civil case); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Our habeas corpus jurisdiction in criminal matters is appellate only. *See* TEX. GOV'T CODE § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Original habeas jurisdiction in criminal proceedings is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. art. 11.05. Thus, to the extent relator seeks to have this Court grant his application for a writ of habeas corpus for the first instance in our Court, we lack jurisdiction to do so.

Furthermore, the Harris County District Clerk's website reflects that relator is represented by appointed counsel. Relator is not entitled to hybrid representation and, as such, his pro se application for a writ of habeas corpus presents nothing for this Court to review. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (because habeas applicant was represented by counsel, court must disregard and take no action on pro se filings); *Ex parte Hallcy*, No. 07-16-00471-CR, 2016 WL 7634497, at *1 (Tex. App.—Amarillo Dec. 30, 2016, orig. proceeding) (mem. op., not designated for publication) (finding that appellate court

lacks jurisdiction over original habeas application filed pro se where applicant was represented by counsel and dismissing writ application).

Accordingly, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).