**Opinion issued October 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00725-CR

_____

**ADAM JARIEL TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 1410146**

## MEMORANDUM OPINION

Appellant, Adam Jariel Taylor, pleaded guilty to the first-degree felony offense of aggravated robbery with a deadly weapon, reduced from capital murder, with the agreed recommendation that he receive ten years' confinement. *See* TEX. PENAL CODE ANN. §§ 29.03(a)(2), (b) (West Supp. 2014). On August 3, 2015, the

trial court assessed appellant's punishment at ten years' confinement, in accordance with the terms of his plea bargain with the State. The trial court certified that this is a plea-bargain case and that appellant has no right of appeal.

Nevertheless, appellant timely filed a *pro se* notice of appeal, acknowledging that his punishment did not exceed the amount recommended by the State and agreed to by appellant. However, appellant contends that his guilty plea does not preclude appealing any pretrial issues, such as a lack of procedural and substantive due process, ineffective assistance of counsel, withholding defense evidence, and wrongful indictment. Appellant also filed a motion for appointment of appellate counsel with a motion for extension of time to file his appellate brief in this Court. We dismiss this appeal for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the clerk's record, states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—as here, a defendant may only appeal those matters

that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. § 44.02 (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2). To the extent appellant wishes to allege that his trial counsel was ineffective, that claim is generally raised more thoroughly in a habeas application rather than on direct appeal. *See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (noting that "the record on direct appeal is in almost all cases inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance and . . . the better course is to pursue the claim in habeas proceedings."). Similarly, to the extent appellant contends that his plea was involuntary, the Texas Court of Criminal Appeals has held that the voluntariness of a guilty plea may not be contested on direct appeal following a plea bargain agreement. *See Woods v. State*, 108 S.W.3d 314, 316 & n.6 (Tex. Crim. App. 2003); *Cooper v. State*, 45 S.W.3d 77, 81, 83 (Tex. Crim. App. 2001).

In any event, the clerk's record contains plea waiver and admonishment papers indicating that appellant was indicted for capital murder, but that he pleaded guilty to the reduced offense of aggravated robbery with a deadly weapon in exchange for the State's recommendation that his punishment be assessed at ten years' confinement, and the standard waiver of his right of appeal if the trial court accepted the plea-bargain agreement. The reporter's record for the plea hearing

3

shows that appellant voluntarily, intelligently, and knowingly pleaded guilty to the reduced charge of aggravated robbery with a deadly weapon in exchange for ten years' confinement, and that the trial court accepted the plea bargain and assessed his punishment at ten years' confinement.

The judgment of conviction in the clerk's record also reflects that the trial court accepted the plea-bargain agreement because it assessed appellant's punishment at ten years' confinement. *See* TEX. R. APP. P. 25.2(a)(2). Thus, the record supports the trial court's certification that this is a plea-bargain case and that the trial court did not give its permission to appeal on any matters, including any rulings on pretrial motions. *See Dears*, 154 S.W.3d at 615.

To the extent appellant's *pro se* notice of appeal contends that his plea–bargain did not preclude him from appealing any rulings on his pretrial motion for discovery and inspection of evidence—the only pretrial motion in the record— apparently no ruling on that motion was signed because he filed that motion while proceeding *pro se* when he was represented by counsel. Appellant is not entitled to hybrid representation, and the trial court was under no duty to take action on his *pro se* motion. *See Ex parte Bohannon*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004).

Because appellant has no right of appeal in this plea-bargain case, we must dismiss this appeal without further action. *See Menefee v. State*, 287 S.W.3d 9, 12

4

n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).