**DISMISSED and Opinion Filed March 13, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01342-CR

**KEPHREN THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F17-16908-K**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Stoddart
Opinion by Chief Justice Wright

Kephren Thomas appeals the trial court's judgment convicting him of harassment of a public servant. Concluding we do not have jurisdiction, we dismiss the appeal.

The record shows appellant and the State entered into a written agreement in which appellant agreed to plead guilty and waive his right to appeal in exchange for an agreed sentence of ten years' imprisonment, probated for ten years, and a fine of $1,000. The plea agreement also stated that, in addition to the sentence and fine, the State would recommend drug treatment for appellant. Appellant entered his plea on March 30, 2017. The trial court accepted the plea of guilty and recessed the hearing so appellant could be "seen by probation."

On May 30, 2017, appellant filed pro se documents styled "Notice of Rejection of Plea Bargain & Demand For Speedy Trial" and "Application For Writ of Habeas Corpus." In his notice

of rejection, appellant alleged he entered his plea bargain agreement with the understanding that he was agreeing to ten years' community supervision without any drug treatment or "extras," that he would not have to pay probation fees, and that he would not stay in Dallas. In his application, appellant contended his arrest was discriminatory, his bail was excessive, he was entitled to receive a mental health bond, and he was being denied adequate medical and mental health treatment. On June 6, 2017, appellant filed a document accusing the Dallas County Sheriff of denying him adequate health care. There is no indication that appellant's pro se filings were authorized or endorsed by his appointed counsel nor does the record show that any of them were presented to the trial court judge for a ruling. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n. 1 (Tex. Crim. App. 2011) (court would disregard and take no action on numerous pro se submissions from habeas applicant represented by counsel and not entitled to hybrid representation); *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (defendant has no right to hybrid representation and as consequence, trial court is free to disregard pro se motions filed by defendant represented by counsel).

On October 5, 2017, the trial court conducted an abbreviated sentencing hearing in which appellant was sentenced as follows:

[The Court]: This is Cause Number F17-16908, styled the State of Texas versus Kephren Thomas. Mr. Thomas is in the room, he's just in the chair with the bailiff. All right. So on the 30th of March you pled guilty. Do you remember that, Mr. Thomas?

[Appellant]: No, ma'am.

[The Court]: Okay. Well, you did. You pled guilty. It's on the record.

[The Court]: So today I'm going to find that you are guilty, and assess your punishment at 10 years confinement in the Institutional Division. I will suspend the imposition of that confinement, and place you on community supervision for 10 years with a $1,000 fine, which will be probated.

[The Court]: So today we were going to debate whether you were going to have treatment in or out. I tested you for drugs beforehand so that I could make an educated decision. Today you tested positive for Methamphetamine as well as acting a little bit of erratic today. So I'm going to send you to SAFPP, which is what the original plea was. So you're going to go to SAFPP, and I'll see you when you get out.

The trial court followed the plea bargain agreement and imposed the agreed punishment plus the State's recommendation of drug treatment. The trial court has filed a certification asserting appellant entered a plea bargain agreement and has no right of appeal. *See* TEX. R. APP. P. 25.2(d). In light of the trial court's certification and the record, the Court requested letter briefs from the parties to address the question of whether the Court has jurisdiction over the appeal. Neither party filed a letter brief.

Rule 25.2(a)(2) provides that in a plea-bargained case in which the trial court assesses punishment that does not exceed the punishment to which the defendant agreed, the defendant may appeal only those matters raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record does not show appellant filed any pretrial motions. As the trial court's certification attests, appellant has not received the trial court's permission to appeal.

Moreover, when a defendant waives the right to appeal in exchange for valuable consideration from the State, the waiver is enforceable provided it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009). The plea agreement expresses that appellant would receive the benefit of an agreed sentence and that the State would recommend he receive drug treatment. We conclude appellant's waiver of the right to appeal is enforceable. *See Jones*, 488 S.W.3d at 807–08; *Broadway*, 301 S.W.3d at 699; *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000).

An appeal must be dismissed if a certification showing that the defendant has the right to appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In this case, the record supports the trial court's certification stating the appeal is a plea-bargained case and appellant has no right to appeal. The record also shows appellant waived his right to appeal in exchange for valuable consideration from the State. Because appellant has no right to appeal, we must dismiss the appeal without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
171342F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEPHREN THOMAS, Appellant

No. 05-17-01342-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F17-16908-K.
Opinion delivered by Chief Justice Wright.
Justices Myers and Stoddart participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered this 13th day of March, 2018.