IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,771





EX PARTE JESSE RICHARD CORDOVA, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. C-372-008129-0946327-A IN THE 372
nd CRIMINAL DISTRICT 


 COURT FROM TARRANT COUNTY




 Per curiam.

 Keller, P.J., Not Participating


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and
was convicted of felony driving while intoxicated and sentenced to five years' imprisonment.
Applicant did not appeal his conviction. 

 Applicant alleges that he was arrested on a parole revocation warrant on April 17,
2007, but has not been given a preliminary hearing as required by Gov't Code, Section
508.2811 or a final parole revocation hearing as required by Gov't Code Section
508.282(a)(1)(A). 

 The trial court ordered and received an affidavit from the Texas Department of
Criminal Justice, Parole Division (TDCJ-Parole) addressing the issues raised in this
application for a writ of habeas corpus. The affidavit states that Applicant has not been given
a preliminary hearing because he has new charges pending and that no such hearing will be
initiated until all pending charges are adjudicated. This position is contrary to Texas Gov't
Code Section 508.2811. Even if Applicant has new charges pending, he is still entitled to
a preliminary hearing "within a reasonable time" to determine whether probable cause or
reasonable grounds exist which show that he violated the conditions of his parole. Tex.
Gov't Code, § 508.2811. In Morrissey v. Brewer, the Supreme Court held that due process
requires that a preliminary hearing be held "as promptly as convenient" after a parolee has
been arrested to "determine whether there is probable cause or reasonable ground to believe
that the arrested parolee has committed the acts that would constitute a violation of parole
conditions." 408 U.S. 471, 485, 92 S. Ct. 2593, 2602 (1972). We find that Applicant has not
been given a preliminary hearing within a reasonable time and order the Texas Department
of Criminal Justice, Parole Division to give Applicant a preliminary hearing within thirty (30)
days of the issuance of this opinion. 

 Applicant has been indicted for a new offense; therefore the forty-one day deadline
for giving Applicant his final parole revocation hearing under Texas Gov't Code Section
§508.282(a)(1)(A) does not apply. Applicant's claim regarding the final revocation hearing
is denied.

Filed: October 3, 2007

Publish