IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,777






EX PARTE DONALD FITZGERALD DAVIS, Applicant




 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. C-372-007956-0964559-B IN THE 372
ND DISTRICT 


 COURT FROM TARRANT COUNTY




 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to two (2) years' imprisonment. Applicant did not appeal his conviction. 

 Applicant alleges inter alia that he was arrested on a parole revocation warrant on August
29, 2006, but has not been given a preliminary hearing. 

 On April 4, 2007, this Court remanded this application to the trial court to find out whether
Applicant had been given a preliminary hearing and, if not, why he had not been given such a
hearing. In response to our remand order, the trial court ordered the Texas Department of Criminal
Justice, Parole Division to file an affidavit addressing the issue raised in this application for a writ
of habeas corpus. The affidavit shows that Applicant has not been given a preliminary hearing
because he has new charges pending and is being held pursuant to Gov't Code, Section 508.254. 
However, even if Applicant has new charges pending, he is still entitled to a preliminary hearing to
determine whether probable cause or reasonable grounds exist which show that he violated the
conditions of his parole. Tex. Gov't Code, § 508.2811. In Morrissey v. Brewer, the Supreme
Court held that due process requires that a preliminary hearing be held "as promptly as convenient"
after a parolee has been arrested to "determine whether there is probable cause or reasonable ground
to believe that the arrested parolee has committed the acts that would constitute a violation of parole
conditions." 408 U.S. 471, 485 (1972). See also Ex parte Cordova, No. Ap-75,771, 2007 Tex.
Crim. App. LEXIS 1264, (Tex. Crim. App. Oct. 3, 2007) (Holding that Applicant was not given a
preliminary hearing within a reasonable time.) We find that Applicant has not been given a
preliminary hearing within a reasonable time and order the Texas Department of Criminal Justice,
Parole Division to give Applicant a preliminary hearing within thirty (30) days of the issuance of this
opinion.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).

Filed: October 10, 2007

Do not publish