IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,918

 


EX PARTE BRYAN WHEELER AIKEN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 30557A IN THE 18th DISTRICT COURT
FROM JOHNSON COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to twenty-five years’ imprisonment. 
            Applicant contends, inter alia, that he is being improperly denied a preliminary revocation
hearing.
            Based on documentation provided by the parole division of the Texas Department of
Criminal Justice, the Applicant has not been given a preliminary revocation hearing because he
allegedly has pending criminal charges in Tarrant County, Texas. However, this Court has held that,
even if a parolee has new charges pending, he is still entitled, under Gov’t Code § 508.2811, to a
preliminary hearing within a reasonable time to determine whether probable cause or reasonable
grounds exist which show that he violated the conditions of his parole. Ex parte Cordova, 235
S.W.3d 735 (Tex. Crim. App. 2007). The Court also held in Cordova that due process requires that
a preliminary hearing be held as promptly as convenient after a parolee has been arrested to
determine whether there is probable cause or reasonable grounds to believe that the arrested parolee
has committed the acts that would constitute a violation of parole conditions.


 
            We find that Applicant has not been given a preliminary hearing within a reasonable time and
order the Texas Department of Criminal Justice, Parole Division to give Applicant a preliminary
hearing within thirty (30) days of the issuance of this opinion.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Parole Divisions.


Delivered: May 14, 2008
Do not publish