IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,386-02






EX PARTE DENNIS RANDY PROCTOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 150135-CR IN THE 349TH DISTRICT COURT


FROM HOUSTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation and
sentenced to three (3) years' imprisonment. 

 Applicant alleges that he was arrested pursuant to a parole revocation warrant on July 17,
2008, but has not been given a preliminary parole revocation hearing. He alleges that due process
requires that a preliminary hearing be held "as promptly as convenient" after a parolee has been
arrested to "determine whether there is probable cause or reasonable ground to believe that the
arrested parolee has committed the acts that would constitute a violation of parole conditions." 
Morrissey v. Brewer, 408 U.S. 471, 485, (1972); See also Ex parte Cordova, 235 S.W.3d 735 (Tex.
Crim. App. 2007). 

 Applicant has alleged facts which, if true, could entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the
appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall order
the Texas Department of Criminal Justice's Office of General Counsel to file an affidavit addressing
whether Applicant has been given a preliminary parole revocation hearing and, if so, when the
hearing was held. If no hearing has been held, the affidavit shall address why Applicant has not been
given a preliminary parole revocation hearing. The affidavit shall also identify the date(s) of any
scheduled hearings. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant has promptly been given
a preliminary hearing to determine whether there is probable cause or reasonable ground to believe
that he committed the acts that would constitute a violation of parole conditions. Specifically, the
trial court shall make findings of fact as to whether the TDCJ has given Applicant a preliminary
hearing and, if so, the date the hearing was held. If Applicant has not given a preliminary hearing,
the trial court shall make findings of fact as to why the TDCJ has not given Applicant a hearing. 
The trial court shall also make any other findings of fact as to whether any parole revocation hearings
have been scheduled. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 10, 2009

Do not publish