IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,791-01






EX PARTE ISAIS DENOVA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12,271 IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
intoxication manslaughter and sentenced to eighteen years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his plea was involuntary because his counsel did not explain the plea
bargain and that the interpreter did not explain that he was waiving his right to appeal. Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608
(1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). Neither the State nor the
trial court has responded to Applicant's allegations. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 28, 2009

Do not publish