IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-25,282-18




EX PARTE MICHAEL WAYNE BOHANNAN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 201732D IN THE CRIMINAL DISTRICT COURT NUMBER ONE
FROM TARRANT COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated rape
and sentenced to twenty-five years’ imprisonment. He did not appeal his conviction.
            Applicant contends that he was denied a timely preliminary hearing to determine whether
there is probable cause to believe he violated a condition of his parole. Morrissey v. Brewer, 408
U.S. 471, 485 (1972); Ex parte Cordova, 235 S.W.3d 735 (Tex. Crim. App. 2007). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall order the Texas Department of Criminal Justice’s Office of the General Counsel to file an
affidavit stating whether Applicant has been given a preliminary hearing.
            The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.
            The trial court shall make findings of fact first as to whether Applicant was given a
preliminary hearing within a reasonable time. The trial court shall then make findings of fact as to
whether the policy of the Parole Division of the Texas Department of Criminal Justice is not to hold
a preliminary hearing until an offender’s pending charges have been adjudicated or dismissed.
Correspondence in the record from a district officer of the Parole Division suggests that this is the
Division’s policy. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: December 16, 2009
Do not publish