IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-20,484-09






EX PARTE CAROL JOHNENE MORRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5793-H IN THE 132ND JUDICIAL DISTRICT COURT


FROM SCURRY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to twenty years' imprisonment. 

 Applicant contends that she is being improperly held pursuant to a parole revocation warrant
without being afforded a timely revocation hearing. Applicant alleges that she was indicted for a
new offense on February 5, 2010, but does not specify whether she has waived or has been afforded
a preliminary hearing to determine whether there is probable cause to believe that she violated a
condition of her parole. Morrissey v. Brewer, 408 U.S. 471, 485 (1972); Ex parte Cordova, 235
S.W.3d 735 (Tex. Crim. App. 2007). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal 
Justice's Office of the General Counsel to file an affidavit stating whether Applicant has been given
a preliminary hearing, or whether she has waived such a hearing, and whether Applicant has been
given a final revocation hearing.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent her at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall first supplement the record with copies of any documents pertaining to
Applicant's parole revocation proceedings, including the State's motion to revoke, any warrants
issued or executed, and any notice provided to Applicant regarding her rights in the revocation
process. The trial court shall then make findings of fact as to whether Applicant is still being held
pursuant to a revocation warrant, and if so, whether she has new charges pending. The trial court
shall make findings as to whether Applicant has been afforded or has waived a preliminary hearing,
or a final revocation hearing, and if not, why not. If Applicant has been afforded either a preliminary
or a final revocation hearing, the trial court shall supplement the record with any documents
pertaining to those hearings. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 30, 2010

Do not publish