IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,664-04






EX PARTE SIDNEY L. RAY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 89-0290X IN THE 71ST JUDICIAL DISTRICT COURT


FROM HARRISON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of
burglary, and was sentenced to twenty-five years' imprisonment. 

 Applicant contends that he has been held pursuant to a pre-revocation warrant since
December 3, 2009, and has not been afforded a preliminary hearing or a parole revocation hearing. 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to appear at a live hearing to determine whether Applicant has been provided with the due
process required pursuant to this Court's opinion in Ex parte Cordova, 235 S.W.3d 735 (Tex. Crim.
App. 2007). The hearing shall be conducted instanter.

 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant is being held pursuant
to a pre-revocation warrant, and if so, the dates upon which such warrant was issued and executed.
The trial court shall make findings as to whether Applicant is facing new criminal charges, or only
technical violations of the conditions of parole. The trial court shall make findings as to whether
Applicant has been advised of his rights in the revocation process, and if so, whether Applicant has
waived his right to a preliminary hearing and/ or revocation hearing. If Applicant has not waived
his rights, the trial court shall make findings as to whether Applicant has been afforded a preliminary
hearing and/ or a revocation hearing, and if not, why not. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ten days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories and the transcription of the court reporter's notes from the hearing,
along with the trial court's supplemental findings of fact and conclusions of law, shall be returned
to this Court within fifteen days of the date of this order. Any extensions of time shall be obtained
from this Court. 

Filed: June 8, 2011

Do not publish