IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-42,327-10






EX PARTE CARLTON STROUD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1997CR3770 IN THE 290TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to thirty-five years' imprisonment. 

 Applicant raises four grounds for review in this application. His first and second grounds
for review are barred from consideration because he has previously challenged the merits of this
conviction by way of habeas corpus. Tex. Code Crim. Proc. art. 11.07 §4. The trial court
recommends dismissing this application as a subsequent application pursuant to Section 4. The trial
court's recommendation is correct as to Applicant first and second grounds for review. Those
grounds are therefore dismissed.

 However, in his third and fourth grounds for review, Applicant contends that he has been
held pursuant to a pre-revocation warrant since November of 2010, and has not been afforded a
preliminary hearing or a parole revocation hearing. Applicant has alleged facts that, if true, might
entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to submit an affidavit stating whether Applicant has been provided with the due process
required pursuant to this Court's opinion in Ex parte Cordova, 235 S.W.3d 735 (Tex. Crim. App.
2007). The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant is being held pursuant
to a pre-revocation warrant, and if so, the dates upon which such warrant was issued and executed.
The trial court shall make findings as to whether Applicant is facing new criminal charges, or only
technical violations of the conditions of parole. The trial court shall make findings as to whether
Applicant has been advised of his rights in the revocation process, and if so, whether Applicant has
waived his right to a preliminary hearing and/ or revocation hearing. If Applicant has not waived
his rights, the trial court shall make findings as to whether Applicant has been afforded a preliminary
hearing and/ or a revocation hearing, and if not, why not. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 10 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 15 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 22, 2011

Do not publish