IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,714-01




EX PARTE MATTHEW DILLON CORNETT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR08-037A IN THE 235TH DISTRICT COURT
FROM COOKE COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with
intent to deliver a controlled substance and was sentenced to twenty years’ imprisonment. 
            Applicant contends that he is being denied a timely parole revocation hearing after having
been arrested on a parole revocation warrant and for committing a new offense. No charges have
been filed for the new offense, although Applicant has been in jail for more than six months since
his arrest. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Cordova, 235
S.W.3d 735 (Tex. Crim. App. 2007). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit stating when Applicant was arrested, and whether it was on the authority
of a parole revocation warrant or the commission of a new offense. If Applicant was arrested for
committing a new offense, the affidavit shall state whether charges have been filed for the new
offense. The affidavit shall state whether Applicant was advised of his rights in the revocation
process, and whether he waived his rights to a preliminary hearing or a revocation hearing. If
Applicant did not waive his right to a preliminary hearing or a revocation hearing, the affidavit shall
state whether Applicant had been afforded a preliminary hearing or a revocation hearing, and if not,
why not. 
            The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall first supplement the habeas record with copies of the State’s motion to
revoke Applicant’s parole, the arrest warrant or parole revocation warrant, the written notification
of Applicant’s rights in the revocation process, and any other documentation relating to Applicant’s
parole revocation proceedings. The trial court shall then make findings of fact and conclusions of
law as to whether Applicant is being held pursuant to a parole revocation warrant, and if so, for how
long he has been held on the warrant. The trial court shall make findings as to whether Applicant
has been advised of his rights in the revocation proceeding, and if so, whether he waived his right
to a preliminary hearing or revocation hearing. If Applicant did not waive his right to a preliminary
hearing or revocation hearing, the trial court shall make findings as to whether Applicant has been
afforded a preliminary hearing or a revocation hearing. If Applicant has not been afforded a
preliminary hearing or a revocation hearing, the trial court shall make findings as to why he has not
been afforded such hearings. The trial court shall make findings as to whether Applicant has been
charged with a new offense, and if he has been charged with a new offense, the trial court shall
supplement the record with a copy of the charging instrument. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed:  July 24, 2013
Do not publish