IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-81,031-01




EX PARTE MATTHEW MICHAEL VILLA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 0216664A IN THE 8TH DISTRICT COURT
FROM HOPKINS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ten years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that although his sentence has discharged, he is being held on a pre-revocation warrant in Bexar County. Applicant has alleged facts that, if true, might entitle him to
relief. Morrissey v. Brewer, 408 U.S. 471 (1972); Ex parte Cordova, 235 S.W.3d 735 (Tex. Crim.
App. 2007); Tex. Gov’t Code §§ 508.2811, 508.282. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit and state: (1) whether a pre-revocation warrant was issued and, if so,
when it was issued; (2) whether Applicant’s sentence discharged before the pre-revocation warrant
was issued; (3) whether a preliminary hearing was held within a reasonable period of time or
Applicant waived it; and (4) whether a final revocation hearing was timely held or Applicant waived
it. 
            The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
C ode Crim. Proc. art. 26.04.
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
is being illegally confined and his due process rights were violated. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: March 19, 2014
Do not publish