

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-22,693-05

### EX PARTE REGINALD BUARD JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-26831-AA IN THE 217TH DISTRICT COURT
### FROM ANGELINA COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of cocaine possession and sentenced to thirteen years' imprisonment. He states that he was released to parole and that the parole was later revoked.

Applicant complains that he had an improper parole revocation hearing because of a lack of due process and because improper evidence was submitted. The parole claims are properly raised in the habeas application. *See Ex parte Cordova*, 235 S.W.3d 735 (Tex. Crim. App. 2007). Applicant alleges that the parole revocation hearing was in 2016, which provides new facts that

could not have been litigated in Applicant's first habeas application to properly challenge the conviction (his -04 habeas application that was filed and denied in 2008), so the current application is not barred as subsequent. *See* TEX. CODE CRIM. PROC. art. 11.07 § 4. There is no information in the habeas record addressing Applicant's due process claims.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing Applicant's claims that he was denied due process in the parole revocation process. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings and conclusions as to whether Applicant received adequate due process in connection with his parole revocation proceeding. *See Morrissey v. Brewer, supra.* The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: August 22, 2018
Do not publish