

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,293-02

### EX PARTE ELROY TOMPKINS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 15-09-15387A IN THE 506TH DISTRICT COURT FROM WALLER COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to unlawful possession of a firearm by a felon and was sentenced to five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied due process because is being held pursuant to a parole revocation warrant, which is preventing him from bonding out on a new charge, but no parole revocation proceedings have been initiated. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE, § 508.2811; *Ex parte Cordova*, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007). Accordingly, the record should be developed. The trial court is the appropriate forum

for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. See TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant is being held pursuant to a parole revocation warrant, and if so, the date upon which that warrant was executed. The response shall state whether Applicant has been advised of his rights in the revocation process, whether he has requested or waived a preliminary hearing and whether he has been afforded a preliminary hearing. If Applicant is also being held on new charges, the response shall state whether Applicant has been indicted on those charges, and if so, when the indictment was returned.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. See TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish