

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,466-01

**EX PARTE ROBERT TIJERINA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 11-11-0277-CRA-A IN THE 81ST DISTRICT COURT
## FROM ATASCOSA COUNTY

*Per curiam*.

**O R D E R**

Applicant was convicted of three counts of possession of a controlled substance with intent to deliver and sentenced to twelve years' imprisonment on each count. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he has been held on a parole revocation warrant for over 300 days, has not been charged with a new offense, and is being denied a parole revocation hearing. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE, § 508.282; *Ex parte Cordova*, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC.

art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts addressing the issue of whether the Parole Board is providing Applicant with a timely parole revocation hearing. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant is being held pursuant to a parole revocation warrant, and if so, the date upon which that warrant was executed. The response shall state whether Applicant has been advised of his rights in the revocation process, whether he has requested or waived a preliminary hearing and whether he has been afforded a preliminary hearing. If Applicant is also being held on new charges, the response shall state whether Applicant has been indicted on those charges, and if so, when the indictment was returned. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish