

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,138-01

### EX PARTE JACOB JOEL RAMIREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. A13722-1 IN THE 216TH DISTRICT COURT FROM KERR COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of aggravated assault and sentenced to 7 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied due process because he is being held pursuant to a parole revocation warrant but no parole revocation proceedings have been initiated. He states that he has been in custody on the revocation warrant for over 100 days but the Board of Pardons and Paroles has not held a revocation hearing, and he has not been charged with a new offense. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE, § 508.2811; *Ex parte Cordova,* 235 S.W.3d 735, 736 (Tex. Crim. App. 2007). Accordingly, the record should

be developed. The trial court is the appropriate forum for findings of fact. Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The response shall state whether Applicant is being held pursuant to a parole revocation warrant, and if so, the date upon which that warrant was executed. The response shall state whether Applicant has been advised of his rights in the revocation process, whether he has requested or waived a preliminary hearing and whether he has been afforded a preliminary hearing. If Applicant is also being held on new charges, the response shall state whether Applicant has been indicted on those charges, and if so, when the indictment was returned.

It appears that Applicant is represented by counsel. However, if the trial court elects to hold a hearing, it shall determine whether Applicant is represented by counsel. If Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: February 10, 2021
Do not publish