

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-59,615-15

**EX PARTE DEWAYNE LEE WALDRUP, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR29462-B IN THE 75TH DISTRICT COURT
## FROM LIBERTY COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of evading arrest or detention with a motor vehicle and sentenced to 10 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

According to Montgomery County online records, Applicant was arrested while on parole release for misdemeanor burglary of a vehicle, second-degree felony drug possession, and state-jail felony fraud. Due to the arrest, the Texas Department of Criminal Justice Parole Division issued a pre-revocation (aka "blue") warrant. Applicant asserts that a parole warrant was executed on October 29, 2019, and the Board voted to proceed to a revocation hearing in November 2019, but

Applicant still has not received a final revocation hearing.

Applicant alleges that the Board of Pardons and Paroles' and the Parole Division's denial of a final parole revocation hearing within a reasonable time violates Due Process. *Morrissey v. Brewer,* 408 U.S. 471 (1972) (holding that a parolee is entitled to due process in parole revocation). Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Cordova,* 235 S.W.3d 735, 736 (Tex. Crim. App. 2007); *Ex parte Evans,* 964 S.W.2d 643, 647 (Tex. Crim. App. 1998). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles' Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. The trial court shall also state whether Applicant is in custody on a revocation allegation that he committed an offense. TEX. GOV'T CODE § 508.282(a)(1). Additionally, the court shall state whether Applicant is in custody on pending charges.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received preliminary and final hearings within a reasonable time. *See Cordova,* 235 S.W.3d at 736; *Ex parte Canada,* 754 S.W.2d 660, 668 (Tex. Crim. App. 1988). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 28, 2021
Do not publish