

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-32,490-05

### EX PARTE EDMUND KAHOOKELE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-94-945141-C IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of engaging in organized criminal activity and sentenced to 10 years' community supervision on deferred adjudication, then 20 years' imprisonment upon adjudication. The Court of Appeals affirmed his conviction. *Kahookele v. State,* No. 03-04-00493-CR (Tex. App.—Austin, June 9, 2006). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that, following his release to parole, he was arrested on two alleged offenses. He avers that he has been in custody on a pre-revocation hold that the Board of Pardons and Paroles placed over 3 years ago, but he has not been afforded revocation hearings. *See* TEX.

GOVT' CODE §§ 508.254, 508.282; *see also Morrissey v. Brewer,* 408 U.S. 471, 485 (1972). Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Cordova,* 235 S.W.3d 735, 736 (Tex. Crim. App. 2007). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles' Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. The trial court shall also state whether Applicant is in custody on a revocation allegation that he committed new offenses. TEX. GOVT' CODE § 508.282(a)(1). It appears that Applicant may have been convicted of new offenses. However, the trial court shall confirm whether Applicant is in custody on pending charges or convictions. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received preliminary and final hearings within a reasonable time. *See Cordova,* 235 S.W.3d at 736; *Ex parte Canada,* 754 S.W.2d 660, 668 (Tex. Crim. App. 1988). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 5, 2021
Do not publish