

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,542-01

## EX PARTE REBECCA DANIELLE HULEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11,688-A IN THE 46TH DISTRICT COURT
### FROM WILBARGER COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to twenty years' imprisonment. The Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. She was later released to parole.

While on parole, Applicant alleges that she was arrested in Montgomery County for possession of a controlled substance. A parole revocation (a/k/a "blue") warrant was later executed, and Applicant is being held in the Montgomery County Jail on the blue warrant. According to Applicant, through habeas counsel, the new possession of a controlled substance charge has never been filed, and she is still being held in the county jail pursuant to the blue warrant but has not

received a parole revocation hearing, although she has repeatedly requested one. *See* TEX. GOV'T CODE 508.282(a)(1)(A)-(B).

Applicant has alleged facts that, if true, might entitle her to relief. *Morrissey v. Brewer*, 408 U.S. 471, 471 (1972); *Ex parte Cordova*, 235 S.W.3d 735 (Tex. Crim. App. 2007). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing the issue of whether the Parole Board is timely providing Applicant with a parole revocation hearing. The trial court shall make findings of fact and conclusions of law as to Applicant's claims, and the trial court may make any other findings of fact and conclusions of law that it deems relevant.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed:          May 12, 2021
Do not publish