

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,625-01

**EX PARTE JIMMY STAMPS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14,535A IN THE 21ST DISTRICT COURT
### FROM BASTROP COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to possession with intent to deliver a controlled substance and was sentenced to fourteen years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges, among other things,[1] that he is being denied due process because he has been held pursuant to a parole revocation or "blue" warrant since his arrest in 2019 without being afforded a timely revocation hearing, in violation of Section 508.282 of the Texas Government Code

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

and *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (holding that a parolee is entitled to due process in parole revocation).

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Cordova*, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007); *Ex parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles' Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. That response shall state when the revocation warrant was issued and executed, and whether Applicant has been charged with a new criminal offense or is being held only on alleged administrative violations of the conditions of his parole. The response shall also state whether Applicant has been provided with notice of his rights in the revocation process, and whether he has requested or waived a preliminary hearing or a final revocation hearing. The response shall state whether Applicant has been afforded a preliminary hearing or a final revocation hearing.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. See Tex. Code Crim. Proc. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received preliminary and final hearings within a reasonable time, and whether he is being afforded due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. See Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 19, 2021
Do not publish