

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,745-01

### EX PARTE MIGUEL ANGEL CASTILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. A19589-1 IN THE 216TH DISTRICT COURT FROM KERR COUNTY

*Per curiam*.

**O R D E R**

Applicant was convicted of delivery of methamphetamine and sentenced to five years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant says the Parole Board released him to mandatory supervision. He says police arrested him for aggravated robbery and engaging in organized crime, and he says the Parole Board, because of the new charges, issued a revocation warrant regarding his release to mandatory supervision. Applicant says he has been confined more than 41-days since the revocation warrant was executed, but the State has not indicted him on the new offenses, so the revocation warrant should be lifted. *See* TEX. GOV'T CODE 508.282(a)(1)(A); *Morrissey v. Brewer*, 408 U.S. 471

(1972); *Ex parte Cordova*, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007). Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed.

The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law resolving the disputed factual issues. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 18, 2022
Do not publish