

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,542-01

**EX PARTE REBECCA DANIELLE HULEN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11,688-A IN THE 46TH DISTRICT COURT
### FROM WILBARGER COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of a possession of a controlled substance with intent to deliver and sentenced to twenty years imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her due process rights were violated when she was arrested on a pre-revocation parole warrant but not given a revocation hearing within a reasonable time. The trial court has determined that Applicant was not given a final parole revocation hearing within the required 41-day deadline and that Applicant's due process rights were violated.

However, based on our independent review of the entire record, this Court finds that

Applicant was, in fact, given a timely preliminary parole revocation hearing and indicted on new offense charges. *Ex parte Cordova*, 235 S.W.3d 735 (Tex. Crim. App. 2007). As such, the 41-day deadline does not apply to Applicant's parole revocation process. Applicant received due process in her parole revocation proceedings as required by *Morrissey v. Brewer*, 408 U.S. 471, 471 (1972). We deny relief.

Filed:                           July 27th, 2022
Do not publish