

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,349-01

### EX PARTE LUCIO DELEON YANEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-207A IN THE 421ST DISTRICT COURT
### FROM CALDWELL COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to driving while intoxicated in exchange for a sentence of ten years, probated. His community supervision was later revoked, and he was sentenced to seven years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that he has been imprisoned pursuant to a parole pre-revocation warrant arising from this charge since December of 2019 and that he has not been afforded a revocation hearing. Applicant suggests that he may have a new criminal charge pending, but the record does not contain any information regarding the dates of Applicant's release and arrest, or whether he has

been charged with a new offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471, 484, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (U.S. 1972). Although TDCJ is not required to dispose of parole revocation matters until after any new charges have been disposed of, Applicant must be afforded a preliminary hearing within a reasonable time under Texas Government Code Section 508.2811, unless he waives the preliminary hearing. *Ex parte Cordova*, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007).

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. The response shall state when Applicant was released to parole, and whether and when any parole revocation warrants were issued and executed in this case. The affidavit should state whether any pre-revocation warrant is still in effect, and whether Applicant has been charged with a new offense. If Applicant has been charged with a new offense, the affidavit should state the nature of the new charge, and should state whether Applicant is represented by counsel in the new case. The affidavit should state whether Applicant had been afforded a preliminary hearing, or has waived a preliminary hearing in this parole revocation case. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact as to how long Applicant has been held pursuant to the pre-revocation warrant, and as to whether Applicant's parole has been revoked. If Applicant's parole has not been revoked, the trial court shall make findings as to whether the pre-revocation warrant is still in place. The trial court shall make findings as to whether Applicant has been advised of his rights in the revocation process, whether he has waived a preliminary hearing and/or a final revocation hearing, and whether he has been afforded a preliminary and/or a final revocation hearing. The trial court shall make findings as to whether Applicant is being held on new charges. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 07, 2022
Do not publish