

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-28,231-05

### EX PARTE STEVEN DALE DILLARD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 8104-HC-5 IN THE 1ST DISTRICT COURT
### FROM JASPER COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of indecency with a child and sentenced to 30 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was not given a hearing before his parole release was revoked. *Ex parte Cordova,* 235 S.W.3d 735, 736 (Tex. Crim. App. 2007) (citing TEX. GOV'T CODE § 508.2811); *see also Morrissey v. Brewer,* 408 U.S. 471, 485 (1972) (discussed in *Ex parte Taylor*, 957 S.W.2d 43 (Tex. Crim. App. 1997)). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a

response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall also state whether Applicant received, prior to revocation:

(1) A preliminary hearing within a reasonable time;

(2) Written notice of the claimed violations of parole;

(3) Disclosure of the evidence against him;

(4) The opportunity to be heard in person and to present witnesses and documentary evidence;

(5) The right to confront and cross-examine adverse witnesses;

(6) A "neutral and detached" hearing body; and

(7) A written statement by the fact finder as to the evidence relied on and reasons for revoking parole.

The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's allegations.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: January 11, 2023
Do not publish